BLACK HILLS FINANCE SERVICE, Inc., Respondent, v. PALMER, et al, Appellants.

(263 N. W. 628.)

(File No. 7857. Opinion filed December 13, 1935.)

*Chas. Milner,* of ·Martin, and *W. J. Hooper* of Gregory for Appellants.

*Chas. H. Whiting,* of Rapid City, ´ · Respondent.

PER ·CURIAM.   This is an action in claim and delivery. The complaint alleges that W. Scott Chapman, the seller named in a conditional sale contract, sold, assigned, and transferred for value, all his right, title, and interest in the contract to the plaintiff; that defendants failed to make payments as specified in the contract; and that the plaintiff thereby became entitled to the possession of the frigidaire equipment described therein.   Defendants admit the execution of the contract and set out in their answer a copy without the assignment appearing on the back, but expressly allege that the defendants have no knowledge or information sufficient to form a belief as to the allegation of the complaint that the contract had been assigned to the plaintiff.   This instrument was offered in evidence and received without objection.   Defendants moved for a directed verdict at the conclusion of plaintiff's case on the ground that there was no evidence that plaintiff was an assignee of the conditional sale contract and entitled to the possession of the property in controversy at the time of the commencement of this action.   This motion was granted, and judgment was entered on the verdict.   Defendants appeal from an order. granting a new trial.

It is the contention of counsel for the appellants that the assignment is no part of the contract and the introduction of the contract in evidence did not carry with it the assignment.   On the other hand, respondent contends that the offer and reception of the contract was sufficiently broad to include the assignment.   It is further contended that recognition by the defendants of the existence of an interest in the plaintiff obviated the necessity of proof of execution.

We have carefully considered the authorities submitted by appellants in which the inquiry related to the admission in evidence of an indorsement or an assignment by the offer and reception of an instrument without reference to the indorsement or assignment, but we are of the opinion that under the record such inquiry is not controlling.   The evidence is to the effect that plaintiff purchased the contract in question; that assignor admitted that

he transferred the contract; and that defendants made payments of installments to plaintiff company. This evidence and the production of the contract at the trial was prima facie evidence of title and sufficient to entitle plaintiff to recover.

The order appealed from is affirmed.

All the Judges concur.